FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 24 2004

at 10 o'clock and 12 min. A. M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 04-00105 SOM/KSC |
| | ) | |
| Plaintiff, | ) | CR. NO. 00-00394 SOM |
| | ) | |
| vs. | ) | ORDER DENYING MOTION UNDER 28 |
| | ) | U.S.C. § 2255 TO VACATE, SET |
| FRANK G. GUTIERREZ, | ) | ASIDE, OR CORRECT SENTENCE |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

Pursuant to 28 U.S.C. § 2255, Petitioner Frank G. Gutierrez moves to vacate, set aside, or correct his sentence. This court DENIES the motion.[1]

I.    BACKGROUND

Gutierrez pled guilty pursuant to a plea agreement to having used a telephone to facilitate the commission of a drug felony, in violation of 21 U.S.C. § 843(b). He was sentenced on March 21, 2003, to 63 months in custody and 3 years of supervised release. On the present motion, he argues, "I was sentenced to more than the statutory maximum sentence of 96 months."

---

[1] The court denies the petition without ordering the United States to respond to it. See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court ("If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.").

Gutierrez comes to this conclusion by adding the 63 months to which this court sentenced him to 44 months that he served on a related State of California sentence. He argues that he ended up serving 107 months in combination. He says that, because this court considered his state crime to be relevant conduct, it should have given him credit against his state sentence for the time he was in state custody, at least to the extent the combined sentences exceeded 96 months. He asks the court to resentence him to 52 months in custody, a reduction of 11 months off the 63 months to which this court sentenced him.

Gutierrez had argued the effect of the California sentence at his sentencing hearing before this court. Among other things, he had contended that the unreasonable delay in the indictment filed in this court had resulted in a loss of opportunity to serve a greater portion of his state sentence concurrently with his federal sentence. This court held an extensive hearing on the subject of the effect of the related state sentence on the federal sentence. The court even recessed the hearing so that the attorneys could further study the matter, then returned to continue the sentencing hearing specifically on the subject of the effect of the related state sentence.

Ultimately, the court was not persuaded by the defense argument that the court should grant a downward departure in an amount equal to the full 44 months of the state sentence.

Instead, the court took into account only the 14 months Gutierrez was held by federal authorities but for which he received credit only against his California sentence, not against his federal sentence.

The applicable sentencing guideline range was 63 to 78 months after the court granted a government motion for downward departure based on substantial assistance. This court found that the circumstances were sufficiently aggravating to justify a sentence at the high end of the guideline range, or 78 months. The court was particularly concerned that the criminal history involved several instances of violence, including an offense in which Gutierrez had tied his wife up and poured gasoline on her, then left her in that state while he used drugs. Notwithstanding this concern, the court sentenced Gutierrez at the low end of the guideline range because the court was taking into account the 14 months he was held by federal authorities but for which he received only state, not federal, credit.

II.     ANALYSIS

The most glaring defect in this § 2255 proceeding is that it was waived in the plea agreement. In paragraph 12 of the Memorandum of Plea Agreement, Gutierrez limited his right to attack his sentence either by direct appeal or through a § 2255 petition. Gutierrez agreed not to challenge his sentence unless the court upwardly departed from the guideline range or unless

Gutierrez alleged ineffective assistance of counsel. Neither circumstance applies here.

First, Gutierrez does not establish that the court upwardly departed from his sentencing guideline range. The range was 63 to 78 months, and the sentence of 63 months was within that range. The state sentence was not imposed by this court and therefore could not be the basis for saying that the court upwardly departed.

Second, as counsel for Gutierrez raised the issue of the California sentence at the sentencing hearing before this court, Gutierrez does not even allege ineffective assistance of counsel.

Given the unambiguous terms of his plea agreement, Gutierrez cannot proceed under § 2255. See United States v. Joyce, No. 02-30423, 2004 WL 193855, at *2 (9th Cir. Feb. 3, 2004). The Ninth Circuit has repeatedly said that a plea agreement is a contract. See, e.g., Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003). Gutierrez advances no reason that his contract should not be enforced.

Having accepted the plea agreement, this court may not operate as if it did not exist. The court does note, however, that even if Gutierrez had not waived his right to file this § 2255 petition, he does not establish that the court sentenced

him above the statutory maximum. Sixty-three months is clearly less than the statutory maximum of 96 months.

As evident even from the § 2255 motion itself, Gutierrez had completed serving his prison sentence in the related state case by the time this court imposed his federal sentence. Thus, Gutierrez had no "undischarged" term of imprisonment" in the state case. Under those circumstances, U.S.S.G. § 5G1.3, "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment," did not require the court to make any particular adjustment to the federal sentence in light of a related state sentence. However, Application Note 4 of the Commentary to U.S.S.G. § 5G1.3 permitted the court to take the related state sentence into account. Application Note 4 provides that, "[i]n the case of a discharged term of imprisonment, a downward departure is not prohibited" under certain circumstances. This court took into account the related state sentence and sentenced Gutierrez to the low end of the guideline range.

Section 2255 provides for relief if the court finds "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to

render the judgment vulnerable to collateral attack." Nothing in the record supports any such finding.

III. CONCLUSION.

The motion is DENIED. The Clerk of Court is directed to close this file.

DATED: Honolulu, Hawaii; February 24, 2004.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

United States of America v. Frank G. Gutierrez; Civil No. 04-00105 SOM/KSC; ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

6